## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50503

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed:  January 2, 2024** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| NELSON LEONEL HIDALGO, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. James S. Cawthon, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of four years, for felony domestic battery, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Nelson Leonel Hidalgo pled guilty to felony domestic battery.  I.C. §§ 18-918(2) and 18-903(a).  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced Hidalgo to a unified term of ten years, with a minimum period of confinement of four years.  However, the district court retained jurisdiction and sent Hidalgo to participate in the rider program.  Following completion of his rider, the district court relinquished jurisdiction.  Hidalgo

1

appeals, arguing that his sentence is excessive and that the district court erred in relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Hidalgo argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Hidalgo's case. The record does not indicate that the district court abused its discretion in sentencing.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in sentencing or in relinquishing jurisdiction. Therefore, Hidalgo's judgment of conviction and sentence and the order relinquishing jurisdiction are affirmed.